IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**BOBBIE BURNES**                                                                                      **PLAINTIFF**

**VERSUS**                                                    **CIVIL ACTION NO. 2:11cv241KS-MTP**

**TRINITY MANAGEMENT GROUP, INC.,
B+B DREDGING COMPANY AND
DUTRA DREDGING COMPANY**                                                    **DEFENDANTS**


## MEMORANDUM OPINION AND ORDER

This matter is before the court on separate Motions to Dismiss **[#s 9 & 11]** filed on behalf of the Defendants, Dutra Dredging Company (Dutra) and Trinity Management Group, Inc. (Trinity).  The court, having reviewed the motions, the responses, the supporting briefs, the pleadings and exhibits on file and being otherwise fully advised in the premises, finds that the motions are well taken and should be granted.  The court specifically finds as follows:


## BACKGROUND

This is a maritime personal injury suit brought by Burnes pursuant to the Jones Act, 46 USC § 30104.  Burnes claims that he was employed by defendants, Trinity, B+B Dredging Company ("B&B") and/or Dutra as a Jones Act seaman aboard the M/V DREDGE COLUMBIA when he allegedly sustained an injury in an accident on August 18, 2009.  He has claimed that Trinity, B&B and Dutra owned and/or controlled the DREDGE COLUMBIA and that all three defendants are liable for his alleged accident, claimed

injuries and resulting damages.

The incident giving rise to this action occurred during a dredging project in the State of Alabama, where the COLUMBIA was performing work in the Mobile Navigation Channel, in or near Mobile, Alabama.  It is undisputed that these dredging activities did not occur within the State of Mississippi or its territorial waters.

On November 10, 2011, Burnes filed a Jones Act Complaint against Trinity, B+B, and Dutra in this Court.  Specifically, Burnes alleges that Trinity, B+B, and Dutra failed to honor their maintenance and cure obligations by failing to pay him maintenance and cure benefits in the State of Mississippi.  On January 20, 2012, Trinity filed a motion to dismiss for lack of personal jurisdiction and for improper venue pursuant to FRCP 12(b)(2) and (3) **[#11]**, and Dutra filed a motion to dismiss for lack of personal jurisdiction pursuant to FRCP 12(b)(2) **[#9]**.

## **LAW AND ANALYSIS**

The Defendants' main attack is on this Court's *in personam* jurisdiction.  "The party invoking the jurisdiction of a federal court bears the burden of establishing the court's jurisdiction over a nonresident defendant."  *Brown v. Flowers Industries, Inc.*, 688 F.2d 328, 332 (5th Cir. 1982) (*cert. denied* 460 U.S. 1023, 103 S.Ct. 1275, 75 L.Ed.2d 496 (1983)).  In determining whether the plaintiff has met his initial burden, courts can consider evidence beyond the pleadings, including discovery pleadings, depositions, affidavits or any combination of recognized methods of discovery.  *Walk Haydel & Associates, Inc. v. Coastal Power Production Co.*, 517 F.3d 235, 241 (5th Cir. 2008); *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985) (citing *Thompson v. Chrysler*

*Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985) ); *Washington v. Norton Mfrg. Inc.*, 588 F.2d 441, 443 (5th Cir.) (*cert. denied*, 442 U.S. 942, 99 S.Ct. 2886 (1979)).

When the Court does not rely on an evidentiary hearing, but instead decides the motion on the basis of pleadings and exhibits on file, the party urging jurisdiction is only required to present a *prima facie* case of personal jurisdiction. *See Brown v. Flowers Industries, Inc., supra; DeMelo v. Toche Marine Inc.*, 711 F.2d 1260, 1270-71, (5th Cir. 1983), and *Thompson v. Chrysler Motors Corp.*, 755 F.2d at 1165. Specifically,

> [t]he allegations of the complaint except insofar as controverted by opposing affidavits must be taken as true, and all conflicts in the facts must be resolved in favor of the plaintiffs for purposes of determining whether a *prima facie* case for personal jurisdiction has been established.

*Thompson,* 755 F.2d at 1165 (quoting *DeMelo*, 711 F.2d at 1270-71). "Moreover all conflicts in the facts alleged in the opposing affidavits 'must be resolved in plaintiff's favor for purposes of determining whether a *prima facie* case for *in personam* jurisdiction has been established.'" *DeMelo,* 711 F.2d at 1270, (quoting *Brown v. Flowers Industries, Inc.*, 688 F.2d at 333, quoting *United States Ry. Equipment Company v. Port Huron and Detroit R.R.*, 495 F.2d 1127, 1128 (7th Cir. 1974)).

The Fifth Circuit has held that "the concept of personal jurisdiction comprises two distinct components: amenability to jurisdiction and service of process." *DeMelo,* 711 F.2d at 1264 (other citations omitted). "Amenability to jurisdiction means that a defendant is within the substantive reach of a forum's jurisdiction under applicable law. Service of process is simply the physical means by which that jurisdiction is asserted." *Id.*

When an objection to venue has been raised, under Rule 12(b)(3), it is the

Plaintiff's burden to establish that venue is proper in the judicial district in which the action has been brought.  *Perez v. Pan American Life Ins. Co.*, 70 F.3d 1268 (5th Cir. 1995) (citing *Advanced Dynamics Corp. v. Mitech Corp*. 729 F.Supp. 519 (N.D. Tex.1990); *Transamerica Corp. v. Trans-American Leasing Corp.*, 670 F.Supp. 1089, 1090, 5 U.S.P.Q.2d 1352, 1353 (D.Mass.1987); and 15 Wright, Miller & Cooper, Federal Practice & Procedure § 3826 at 259 (1986)).

In a case arising under federal maritime law, the federal court may exercise personal jurisdiction over a non-resident defendant, only if (1) the forum state's Long Arm Statute confers personal jurisdiction over that defendant and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the 14th Amendment.  *Moncrief Oil Int'l v.OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007); *see also Offshore Transportation Services, LLC v. M/S MINERVA SYMPHONY*, 2010 WL (E. D. La. 2010).  Mississippi's Long Arm Statute, which is regarded as relatively restrictive in scope, is not co-extensive with federal due process; therefore, an analysis of the scope of the reach of the statute itself is necessary.  *Allred v. Moore & Peterson*, 117 .3d 278, 282 (5th Cir. 1997) (citing *Cycles, Ltd. v. W. J. Digby, Inc.*, 889 F.2d 612, 616-17 (5th Cir. 1989); *Rittenhouse v. Mabry*, 832 F.2d 1380, 1383 (5th Cir. 1987)).

In other words, a state standard of amenability to jurisdiction is applied based on a finding as to whether or not the state court would have had jurisdiction.  To determine jurisdiction under the state standard, the court must find that the state's long-arm statute, as interpreted by the courts of that state, applies.  *DeMelo*, 711 F.2d at 1265.  The Court must then determine that the application of the state long-arm statute in the particular case facing the court comports with the due process requirements of the 14th Amendment

to the U.S. Constitution.  *Brown v. Flowers Industries Inc.*, 688 F.2d at 331-32.

**<u>The Mississippi Long-Arm Statute</u>**

As stated, there are two components to personal jurisdiction.  The service of process requirement and the amenability to jurisdiction.  The defendants have not challenged the actual physical service of process at this stage but instead, by their motions, challenge the amenability to the jurisdiction of this court pursuant to the service of process under the Mississippi long-arm statute.  The Mississippi statute reads, in pertinent part

> Any non resident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.  Service of summons and process upon the defendant shall be had or made as is provided by the Mississippi Rules of Civil Procedure.

Miss. Code Ann. § 13-3-57.

Section 13-3-57 is applicable to three types of nonresident defendants.  Those are, by the terms of the statute, (1) nonresidents who make a contract with a resident of the state to be performed in whole or in part within the state; (2) any nonresident who commits a tort in whole or in part in the state against a resident or a nonresident; (3) and nonresidents who are "doing business" within the state.  *See, Smith v. Temco, Inc.*, 252 So.2d 212 (Miss. 1971).

Burnes only makes a minimum contacts argument under the Due Process Clause

of the 14th Amendment.  He does not offer any clue as how the Court might exercise jurisdiction under the long-arm statute.  That being said, the Court recognizes that an analysis of the doing business prong of the statute strongly resembles the analysis under the due process clause.  While this is indeed confusing, these are two separate and distinct issues.  Consequently, the Court will address the long-arm statute first and then the due process arguments.

**Tort Prong**

As the alleged accident giving rise to this lawsuit occurred outside of the State of Mississippi, the tort provisions of the Mississippi Long Arm Statue are inapplicable.  The Court cannot exercise personal jurisdiction over any of the defendants pursuant to this prong.

**Contract Prong**

Under the contract prong of the Mississippi long-arm statute a nonresident defendant must make a contract with a resident of Mississippi to be performed in whole or part in the state, to be amenable to process.  Neither defendant is a resident of Mississippi while Burnes is.  Burnes, however, does not even argue that he was a party to any contract which would satisfy this prong of the statute.  The evidence submitted shows that Burnes was a member of the Maryland-based International Organization of Masters Mates & Pilots, AFL-CIO ("IOMMP").  Burnes and the rest of the crew supplied to work on the DREDGE COLUMBIA were supplied under the terms and conditions of a Collective Bargaining Agreement negotiated with IOMMP, which was entered into in Linthicum Heights, Maryland.  There is clearly no contract between any of the nonresident defendants and Burnes which was to be performed in whole or part in Mississippi.  Thus,

the Court may not exercise personal jurisdiction over any of the defendants under the contract prong.

**Doing Business Prong**

Burnes asserts that jurisdiction is appropriate because "Defendants" are doing business and/or performing services in the State of Mississippi, albeit under his due process analysis. As to the doing business prong of the Mississippi statute;

> The Supreme Court of Mississippi holds that in order to assert jurisdiction under this aspect of the long arm statute: (1) the nonresident defendant must purposefully do some act or consummate some transaction within the state; (2) the cause of action must arise from or be connected with such act or transaction; and (3) the assumption of jurisdiction by Mississippi must not offend traditional notions of fair play and substantial justice.

*Cycles v. W. J. Digby*, 889 F.2d at 620, (other citations omitted).

The record evidence shows that at no time relevant herein was Trinity, through its crew manager responsibilities for the DREDGE COLUMBIA, transacting any business within the State of Mississippi. Rather, at the time of the incident, the DREDGE COLUMBIA was operating in Mobile Bay in the State of Alabama where it had been in continuous operation. Trinity did not transact any business in Mississippi under the terms of its Management Agreement with B+B or through the operations of the DREDGE COLUMBIA.

Trinity is not licensed by the State of Mississippi to do business in Mississippi, has no agent for service of process in Mississippi, and does not maintain an office or employees within the State of Mississippi. It does not receive mail in the State of Mississippi; does not advertise in Mississippi; does not conduct a substantial part of its usual and ordinary business in Mississippi; and does not own, operate, lease, or control

any real property within Mississippi. The unrefuted evidence shows that any business contacts Trinity may have with the State of Mississippi are *de minimis* at best and appear to be non-existent.

The evidence also shows that Dutra Dredging Company is a California corporation, with its principal place of business in San Rafael, California. Dutra is not now and has never been incorporated in the State of Mississippi, does not have an office or other business establishment in the State of Mississippi and does not have a registered agent for service of process in the State of Mississippi. Further, Dutra does not perform or solicit business in and/or from the State of Mississippi and has not performed any work of any type or nature in the state in nearly twenty years. Dutra does not operate any vessels within the State of Mississippi and/or its territorial waters and does not advertise in the State of Mississippi. Dutra does not maintain any bank accounts or have any telephone listings in the State of Mississippi, and has not applied for and/or received any permits to perform business in and/or from the State of Mississippi.

These facts demonstrate that neither of these Defendant do any business or perform any work in whole or in part in the State of Mississippi. For this reason, personal jurisdiction over the Defendants cannot be established under the doing business prong. Accordingly, no basis exists to assert personal jurisdiction over the Defendants under Mississippi's long-arm statute, Miss. Code Ann. § 13-3-57.

As alluded to above, Burnes does argue that the Defendants were "doing business" in Mississippi by paying him wages and medical benefits deposited into his Mississippi bank account or to Mississippi medical providers. He also argues that the Defendants' alleged failure to properly pay all of the benefits which he claims were due

him arise out of these alleged contacts with Mississippi.  For the reasons set forth below in the due process analysis, Burnes' arguments in this regard fail to establish the requisite contacts necessary to establish this Court's authority to exercise jurisdiction over either Dutra or Trinity.

**Due Process**

As stated above, the doing business prong of the Mississippi long-arm statute bears a certain resemblance to the minimum contacts requirement under the due process analysis.  Having established that service of process under the Mississippi long-arm statute was not appropriate, the Court need not necessarily consider whether the exercise of jurisdiction by this Court comports with the due process clause of the 14th Amendment and the traditional notions of substantial justice and fair play.  *See, Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162 (5th Cir. 1985).  Nevertheless, the court will conclude with that discussion as an additional basis to support the dismissal of the Defendants.

It is basic hornbook law that personal jurisdiction over a nonresident defendant is proper only if that defendant has sufficient "minimum contacts" with the forum state.  *International Shoe Co. V. Washington*, 326 U.S. 310, 316 (1945).  These minimum contacts must be such that exercising jurisdiction over the non-resident would not offend "traditional notions of fair play and substantial justice."  *Id.* (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

As the Fifth Circuit has held that

[t]he exercise of personal jurisdiction over a nonresident will not violate due process principles if two requirements are met.  First, the nonresident defendant must have purposefully availed himself of the benefits and

> protections of the forum state by establishing "minimum contacts" with that forum state. *International Shoe Company v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945), *Bullion*, 895 F.2d at 216. And second, the exercise of jurisdiction over the nonresident defendant must not offend "traditional notions of fair play and substantial justice." *Asahi Metal Industries Company v. Superior Court*, 480 U.S. 102, 113, 107 S. Ct. 1026, 1033, 94 L. Ed. 2d 92 (1987), (citing *International Shoe*, 326 U.S. at 316, 66 S. Ct. at 158).

*Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).

The Fifth Circuit has also determined that the minimum contacts inquiry is further subdivided into those contacts which give rise to specific personal jurisdiction and those which give rise to general personal jurisdiction.

> Specific jurisdiction is appropriate when the nonresident defendant's contact with the forum state arise from, or are directly related to, the cause of action. (citations omitted). General jurisdiction, however, will attach, even if the nonresident defendant's contacts with the forum state are not directly related to the cause of action, if the defendant's contact with the forum state are both continuous and systematic. (citations omitted).

*Wilson v. Belin*, 644 F.2d at 647. Further,

> if a nonresident defendant has sufficient related or unrelated minimum contacts with the forum, we must then consider whether the "fairness" prong of the jurisdictional inquiry is satisfied. (citations omitted). The Supreme Court has stated that the "fairness" of requiring a nonresident to defend a suit in a distant forum is a function of several factors, including "the interest of the forum state."

*Id.*

The factors which have been enunciated by the Supreme Court to be considered in the fairness inquiry are:

> [T]he burden upon the nonresident defendant; (2) the interests of the forum state; (3) the plaintiff's interest in securing relief; (4) "the interstate judicial system's interest in obtaining the most efficient resolution of the controversies"; and (5) "the shared interest of the several States in furthering fundamental substantive social policies."

*Id.* at fn. 3.

In response to the Defendants' motions to dismiss, Burnes makes a tortured and somewhat confused argument asserting that the Defendants were doing business in Mississippi so as to satisfy due process. He does not argue that these so-called doing business activities satisfy the Mississippi long-arm statute as pointed out above. It is quite obvious that he has allowed the intertwining of the two similar arguments to entice him into a disingenuous claim of jurisdiction.

Burnes first argues that the Court may confer specific personal jurisdiction over Trinity and Dutra because their contacts with Mississippi reflect that have purposefully availed themselves of the privilege of doing business in Mississippi. He asserts that at the time of the subject accident and afterwards, Trinity and Dutra employed Burnes and that during these "contracts of employment," Burnes resided at 637 Mount Carmel Road, Prentiss, Mississippi, 39474. Thus, according to Burnes, pursuant to these "contracts of employment," Trinity paid Burnes wages by directly depositing such funds into his Bancorp South bank account in Hattiesburg, Mississippi. In addition, as a result of the subject accident and injury, Trinity and Dutra paid Burnes maintenance, albeit allegedly insufficient, by directly depositing such funds into his same bank account.

Burnes continues with the novel argument that due process is satisfied because Trinity and Dutra paid and allegedly failed to pay cure to health care facilities located in Mississippi, where he received medical treatment as a result of the subject accident and

-11-

injury.  Thus, under Burnes' analysis, given the above-referenced contacts between Trinity and Dutra and the State of Mississippi, it is clear that both Trinity and Dutra have purposefully availed themselves of the privilege of doing business in the State of Mississippi.  Burnes cites no case law to support this novel argument.

Next, Burnes stress that this Court may exercise specific personal jurisdiction over Trinity and Dutra because Burnes' causes of action against Trinity and Dutra directly arise out of and relate to their above-referenced contacts with Mississippi.  To support this argument,  Burnes contends that his Complaint contains allegations that Trinity and Dutra failed to honor their maintenance and cure obligations by failing to pay him maintenance and cure benefits in the State of Mississippi.  Therefore, Burnes argues that his causes of action against Trinity and Dutra directly arise out of and relate to Trinity's and Dutra's contacts with the State of Mississippi.  Once again, he cites no cases supporting this argument.

As pointed out above in the long-arm statute analysis, the Defendants do not advertise for employees or for work in any way in the State of Mississippi; Burnes was not recruited in the State of Mississippi and never performed any services on board the DREDGE COLUMBIA in the coastal waters of Mississippi; at the time of the alleged incident, the DREDGE COLUMBIA was operating in Mobile Bay in Alabama; and, finally, the Defendants never provided any services under contract or transacted any business in the State of Mississippi.

Clearly, under the facts and circumstances surrounding this action, specific jurisdiction does not exist, as Burnes' cause of action did not arise from any contact by the

Defendants with the State of Mississippi. At no time relevant to the alleged incident did the Defendants ever purposely direct any of their activities within the State of Mississippi. This is an action for damages for personal injuries and related losses for an incident occurring outside of Mississippi; it is not a wage dispute claim. Consequently, any payment of wages to Burnes or medical expenses in Mississippi by the defendants herein are not relevant with respect to this litigation and cannot serve as a basis for jurisdiction.

The next inquiry is whether Burnes can establish any facts to support a finding of general jurisdiction. General jurisdiction can only exist where the defendants' contacts with the forum state, although not related to Burnes' cause of action, are substantial, continuous and systematic such that it is not unreasonable to submit the defendants to jurisdiction in that forum. *Wilson v. Belin*, 20 F.3d 644, 649-650 & n. 5 (5th Cir. 1994); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-416 (1984)). The minimum contacts inquiry is broader and more demanding when general jurisdiction is alleged, requiring a showing of substantial activities in the forum state. *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1068 (5th Cir. 1992.

Burnes has the burden of proof to establish general jurisdiction. *Doddy v. OXY USA, Inc.*, 101 F.3d 448, 460 (5th Cir. 1996). A review of the facts of this case clearly shows that general jurisdiction does not exist in the instant matter. Since 2002, Trinity has been incorporated as a Virginia corporation. Dutra has been a California corporation since its inception. Neither Trinity nor Dutra are licensed by the State of Mississippi to do business in Mississippi, do not advertise in Mississippi, do not maintain an office or employees within Mississippi, receive no mail in Mississippi, have no agent for service of process in Mississippi, do not own, operate, lease, or control any real property within the

State of Mississippi, and do not advertise for employees or for work in the State of Mississippi. In sum, Defendants have no contacts with the State of Mississippi and, therefore, there is no basis to warrant general jurisdiction in the State of Mississippi.

In *Dalton v. R &W Marine, Inc.*, 897 F.2d 1359 (5th Cir. 1990), the plaintiff brought an action against a corporation in the United States District Court for the Eastern District of Louisiana for injuries he allegedly sustained while working aboard a vessel on the Mississippi River, near Memphis, Tennessee. *Id.* at 1360. The district court dismissed the action for lack of personal jurisdiction and the Fifth Circuit affirmed. *Id.* T he defendant corporation in *Dalton* was not licensed to do business in Louisiana, had no employees, offices, or property in Louisiana, and was incorporated in another State. *Id.* The Fifth Circuit found the defendant corporation's contacts with Louisiana were not sufficient to permit a court in Louisiana to exercise general jurisdiction, even though the corporation chartered vessels to its Louisiana subsidiaries, yielding almost 13% of its total revenue, engaged in advertising in Louisiana, and had purchased vessels within the State of Louisiana. *Id.* at 1362.

Unlike the situation in *Dalton*, the Defendants herein do not conduct any business within Mississippi. Defendants' activities, if any, are *de minimis*, but likely non-existent. Defendants did not purposefully avail themselves of the benefits and protections of Mississippi law. There is simply no basis for personal jurisdiction over either of these two Defendants.

Further, the mere fact that Burnes is a Mississippi resident does not establish the minimum contacts necessary to establish personal jurisdiction. In *Estate of Ainsworth v. Boutwell*, 776 F. Supp. 2d 227, 231 (S.D. Miss. 2011), this Court held that "merely

-14-

contracting with a resident of the forum state does not establish minimum contacts." (citing the holding in *McFadin v. Gerber*, 587 F.3d 753, 757 (5th Cir. 2009)). In *Estate of Ainsworth*, this Court held that even though Defendant entered into a contract with Plaintiff, a Mississippi resident, what little contact Defendant had with Mississippi came only from "the fortuity of plaintiff's residence" in Mississippi and, therefore, personal jurisdiction did not exist. *Estate of Ainsworth*, 776 F. Supp. 2d at 232.

Here, neither of the Defendants and Burnes ever entered into a contract with Burnes and the mere fact that he resides in Mississippi does not provide the evidence necessary to establish sufficient contacts by either of the Defendants in the State. Simply stated, this Court's exercise of personal jurisdiction over either Defendant would not comport with due process as Defendants do not have the minimum contacts with the State of Mississippi necessary to assert specific or general jurisdiction.

The instant case is an action brought against Trinity, a Virginia corporation, and Dutra, a California corporation with no meaningful contact with the Mississippi forum. Independent of the result of the minimum contacts analysis, the exercise of jurisdiction over these defendants in Mississippi does not comport with traditional notions of fair play and substantial justice. "Once it has been decided that a defendant purposefully established minimum contacts within the forum State, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)). The factors relevant to a fair play/substantial justice inquiry that are implicated in this case are 1) the burden on the defendants, 2) the forum State's interest in adjudicating

the dispute, and 3) the plaintiff's interest in convenient and effective relief. *See id.* at 477 (listing factors).

The factual context of this dispute demonstrates that the exercise of jurisdiction over either Trinity or Dutra in Mississippi would be unreasonable. The moving Defendants have done nothing to purposefully interject themselves into Mississippi or purposefully avail itself of the benefits of doing business in Mississippi. The burden on these Defendants who have not directed any conduct at Mississippi, of litigating in a foreign forum would be substantial. Mississippi can have little particularized interest in the adjudication of this dispute, especially given the lack of contact between Trinity and Dutra, and the forum. While certainly Burnes' preference is to litigate in Mississippi, this preference cannot outweigh the fundamental inequity of forcing non-resident defendants with no activity in Mississippi to defend themselves in Mississippi. The exercise of jurisdiction over Defendants Trinity and Dutra does not comport with traditional notions of fair play and substantial justice.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motions to Dismiss for Lack of Jurisdiction **[#s 9 & 11]** filed on behalf of defendants Dutra Dredging Company and Trinity Management Group, Inc. are granted and the Complaint filed in this matter is dismissed without prejudice as to these two defendants. A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 8th day of March, 2012.

                                              *s/Keith Starrett*
                                              UNITED STATES DISTRICT JUDGE